# EXHIBIT A

1  ANNETTE MORASCH (SBN 263797)
   Law Office of Annette Morasch, APC
   5301 Raintree Circle
2  Culver City, CA 90230
   Phone: (323) 791-6276
3  Fax: (323) 617-5523
   annette@amoraschlaw.com
4
   Attorney for Plaintiff,
5  PATRICIO DAVID BARRIONUEVO

CONFORMED COPY
**ORIGINAL FILED**
Superior Court Of California
County Of Los Angeles

JAN 3 0 2018

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

6
7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **COUNTY OF LOS ANGELES**

8  PATRICIO DAVID BARRIONUEVO, an        CASE NO.          BC692118
   individual,
9
                                          **COMPLAINT AND DEMAND FOR JURY**
10                                        **TRIAL**
              Plaintiff,
11                                        1. **Discrimination on the basis of disability;**
         vs.                                 **Gov't Code §12940(a)**
12
   WAL-MART STORES, INC., a Delaware     2. **Failure to engage in the interactive**
13 Corporation;                             **process Gov't Code § 12940(n)**
   DOE NO. 1, a California individual; and
14 DOES 2 through 50, inclusive,         3. **Failure to provide reasonable**
                                            **accommodation; Gov't Code §12940(m)**
15            Defendants.
                                          4. **Failure to prevent discrimination**
16                                           **§12940(k)**

17                                        5. **Retaliation; Gov't Code §12940(l)**

18                                        6. **Intentional Infliction of Emotional**
                                             **Distress**
19
                                          7. **Failure to Provide and/or Authorize Rest**
20                                           **Periods; Labor Code §226.7**

21                                        8. **Discrimination on the basis of**
                                             **association with an individual with a**
22                                           **disability; Gov't Code §12940(a)**

23

24

25

26     Plaintiff, PATRICIO DAVID BARRIONUEVO ("Plaintiff") as an individual by and

27  through his undersigned attorney and for this complaint against Defendants, WAL-MART

28  STORES, INC., a Delaware corporation doing business in California, DOE No.1, a resident of

                                          1
                   **COMPLAINT AND REQUEST FOR JURY TRIAL**

the state of California, and Does 2 through 50, inclusive, (collectively "Defendants"), alleges upon personal knowledge and belief as to his own acts, and upon information and belief as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery as follows:

## THE PARTIES

1.      Plaintiff PATRICIO DAVID BARRIONUEVO (hereinafter "Plaintiff") is an individual residing in the county of Los Angeles, California. On or around May 3, 2016, Defendant Wal-Mart hired Plaintiff as a Cashier for the Burbank Wal-Mart.  Wal-Mart terminated Plaintiff's employment on or around August 1, 2016.

2.      Defendant WAL-MART STORES, INC. is a Delaware corporation, doing business in California, and in the County of Los Angeles ("Wal-Mart"). Wal-Mart was the employer of Plaintiff. Wal-Mart regularly employs more than fifty or more persons within the state of California.

3.      Defendant DOE NO. 1, ("DOE NO. 1") is an individual who resides in the state of California, and upon information and belief, in the County of Los Angeles. DOE NO. 1 has the first name of "Alex," but Plaintiff does not know this man's last name. DOE NO. 1 was at all times relevant herein, a Store Manager of the Burbank Wal-Mart, located on Victory Boulevard. Plaintiff will immediately amend this complaint to include DOE NO. 1 as named defendant, once Plaintiff learns of DOE NO. 1's last name.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 2 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

5.      Wal-Mart was, and is, an "employer" as defined under Cal. Gov't Code §12940 et seq., and an "employer" under Cal. Labor Code §201.3.

6.      DOE NO. 1 was, and is, a "person" as defined under Cal. Gov't Code §12940 et

EXHIBIT A - PAGE 14

COMPLAINT AND REQUEST FOR JURY TRIAL

seq.

7. Plaintiff is informed, believes, and alleges that, at all times mentioned herein, Wal-Mart and the Doe Defendants, and each of them, were the agents and/or joint employers of each of the other Defendants, and in doing the things alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

8. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

9. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."

10. This Court has jurisdiction over all Defendants because they conduct a significant amount of business within Los Angeles County, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

11. Venue is proper under Code of Civil Procedure Section 395 in that Plaintiff's injuries occurred within this jurisdiction, and the actions that give rise to Plaintiff's complaint arose within this jurisdiction.

12. The Plaintiff filed and received a timely Right to Sue letter from the Department of Fair Employment and Housing on May 26, 2017, and has thus exhausted his administrative remedies.

## STATEMENT OF FACTS

13. The California state Department of Rehabilitation ("DOR") has classified Plaintiff as having physical and mental impairments which result in a substantial impediment to employment.

14. The DOR assisted Plaintiff in obtaining an interview and a Cashier position with the Burbank Wal-Mart. The DOR assisted Plaintiff with informing Wal-Mart of Plaintiff's pre-

existing disabilities, and need for various accommodations. Plaintiff disclosed his disabilities on his employment application. Wal-Mart hired Plaintiff on or around May 3, 2016 at the Burbank Wal-Mart, with the understanding that Wal-Mart was to provide accommodation for Plaintiff's disabilities.

15. The Burbank Wal-Mart had a grand-opening when Plaintiff was employed. Even though Plaintiff was hired to be a front-end cashier, Wal-Mart had not yet set up the cash registers so that Plaintiff could be trained.

16. Wal-Mart was understaffed for the grand opening, and Wal-Mart's employees were overworked and stretched thin. As a result, immediately after Plaintiff began work, Wal-Mart managers and supervisors required Plaintiff to work beyond his physical limits as written in his accommodation requests, and refused to provide timely rest breaks.

17. Plaintiff informed innumerable Wal-Mart managers and human resources of his physical limitations and need for accommodations. Plaintiff informed the following individuals, which is not meant to be an exhaustive list: Tyler (Cashier Customer Service Manager), Angie Wolfkill (Customer Service Manager), Myra (Human Resources Manager), Mia (Human Resources Manager), Christine, Yasmin, Rosa, and Defendant DOE NO. 1, Alex (Store Manager). Plaintiff told each of these individuals that he cannot lift heavy items due to his having a previous L2 fracture and surgery, and that he required timely breaks so that he can rest his back.

18. Yet, Burbank Wal-Mart managers still required Plaintiff to push and pull manual forklifts, unload trucks, fill shelves with products, construct shelving units, and stock heavy items, even though these duties were outside of Plaintiff's physical abilities, and accommodations.

19. In May 2016, Plaintiff told Wal-Mart's Human Resources management that the back brace given to him by Wal-Mart was an "extra-large" which was too big for Plaintiff to be of any assistance. Plaintiff worked several days with an ill-fitting back brace.

20. In May 2016, Plaintiff told Angie and Tyler that he could not be placed in any department, other than as cashier, because of his disability. Nevertheless, Tyler and Angie placed

4

1  Plaintiff in the food section, the toy section, the appliances section, and the pharmacy section-all
2  to do stocking, pushing, pulling and lifting.

3      21.    Later in May 2016, Plaintiff informed Human Resources Managers, Myra and
4  Mia, that he needed to reduce his 8 hour shift to 6 hours, because he was being forced to do work
5  that was not consistent with accommodation, and that he was experiencing increased pain in his
6  lower back. Thus, Plaintiff's hours were reduced to 6 hours.

7      22.    The Wal-Mart managers continued to order Plaintiff to do the work as described
8  in paragraphs 18 and 20 above.

9      23.    Plaintiff went back to Human Resources Managers, Myra and Mia, and again
10 requested his daily shifts be further reduced from 6 hours to 4 hours, because he was being
11 forced to do work that was not consistent with accommodation, and that he was experiencing
12 even more pain in his lower back because managers were requiring him to repetitively lift heavy
13 items such as vacuums, TV stands, sporting goods, and multiple Gatorade bottles, soda cans, soft
14 drinks, and water bottles.

15     24.    Wal-Mart managers also caused Plaintiff, and many other employees, to unload
16 an entire commerce truck full of merchandise. The merchandise was placed on pallet movers,
17 and stocked onto shelves. This work was outside of Plaintiff's physical abilities.

18     25.    The Wal-Mart managers continued to order Plaintiff to do the work as described
19 in paragraphs 18, 20, and 23 above.

20     26.    In May 2016, Plaintiff notified Mayra, Rosa and Mia several times of three
21 different managers who wanted Plaintiff in their departments due to Plaintiff's good work. These
22 other departments would have been better for Plaintiff's disabilities as these departments were
23 not as physically strenuous. Mayra informed Plaintiff that the store manager, "Patel," declined to
24 transfer Plaintiff because Patel did not want employees moving from one department to another.

25     27.    In late May/early June 2016, Wal-Mart placed Plaintiff in the fitting room.
26 Plaintiff informed the fitting room manager that he could not lift heavy items, as the lifting was
27 causing Plaintiff back pain, and that Plaintiff had a doctor's accommodation. Plaintiff also
28 informed the fitting room manager of Plaintiff's need for seating.

**COMPLAINT AND REQUEST FOR JURY TRIAL**

EXHIBIT A - PAGE 17

28.     The fitting room manager instructed Plaintiff to lift heavy items and restock shelves. In addition, there was another woman with a disability who was assigned to the fitting rooms. This employee also required seating for her accommodation. Wal-Mart provided a single broken stool for Plaintiff and this woman to share. Eventually the stool was removed completely from the fitting room. When Plaintiff or someone else took a stool off the Wal-Mart floor in order to have a seat, the fitting room manager stated that Plaintiff could not use a stool from the floor, and removed the stool.

29.     On June 24, 2016, Plaintiff was working as a cashier. The store was very busy, and customers were complaining about the length of the lines, and the time it took to check out. Wal-Mart managers instructed Plaintiff and other cashiers to "hurry up." Plaintiff developed pain in his lower back, and told Tyler (cashier manager) that he needed to take his legally required break on time because his back hurt. In front of customers, Tyler told Plaintiff that Plaintiff could not take a break because Wal-Mart was too busy, and there was no one to cover for Plaintiff. Tyler walked away from Plaintiff.

30.     After continuing to work in pain, Plaintiff told another manager, Angie, that he needed to take his break, and that it was already 30 minutes past his breaktime. Angie told Plaintiff that she would see what she could do, then turned around and walked away, and did not come back.

31.     Plaintiff had severe pain and numbness in his leg. He turned off his register, and notified the front-end manager, Lupe, that he was injured, had not been provided his break, and he had to go to the break room to rest his back. Lupe told Plaintiff to go to the back, take a break, then clock out and go home.

32.     On the way out of Wal-Mart, Plaintiff was approached by Defendant and store manager, DOE NO. 1. Plaintiff informed DOE NO. 1 that Plaintiff was injured due to his missed rest break. Plaintiff told DOE NO. 1 that Plaintiff had a previous severe injury, and was not being provided accommodation. DOE NO. 1 requested that Plaintiff walk back to the back of the store to talk. Once in the back, DOE NO. 1 grew extremely angry at Plaintiff. DOE NO. 1 said words to the effect of "Why are you even working as a cashier if you have a disability like that?"

33.     DOE NO. 1 took Plaintiff to a back office where two other managers were. One of these managers is named Maricel, the other manager's name is unknown. Plaintiff again informed these individuals of his disabilities and need for accommodation. These individuals interrogated Plaintiff for over an hour, asking questions about his previous injury, his history of disabilities. Plaintiff was humiliated and offended. Plaintiff asked why Wal-Mart and the managers were working him and other employees so hard. DOE NO. 1 said, "this is the nature of the business."

34.     Plaintiff requested information on what to do now that he was injured. The managers contacted the store nurse hotline at Plaintiff's request, because these managers did not know what to do. Plaintiff spoke to the nurse over the phone, in front of Maricel. The nurse informed Plaintiff that he had 24 hours to seek treatment and care for his injury. Maricel and the other managers asked Plaintiff if he would like to go to the emergency room. Plaintiff said he would come back tomorrow morning.

35.     At this point, Defendant DOE NO. 1 and Maricel left Plaintiff with a different back end manager inside the office, so that the back end manager could fill out a claim form for Plaintiff's injury. However, after 30 minutes of the manager continuously falling asleep, the manager instructed Plaintiff to go home. By the time Plaintiff was allowed to leave Wal-Mart, it was almost 1:00 a.m.

36.     Plaintiff returned to Wal-Mart at 7:30 a.m. the next morning, and was driven to Wal-Mart's doctor at U.S. HealthWorks in Van Nuys. This doctor, Dr. Garrett, did not bother to even lift Plaintiff's shirt or inspect Plaintiff's back. Rather, Dr. Garrett sent Plaintiff back to work with modified duties and a back brace and a heat pad.

37.     Plaintiff returned to work and spoke with Mayra, Mia and Rosa. Plaintiff was placed on work answering phones in front of the fitting room. Plaintiff was initially provided a stool.

38.     Plaintiff still experienced pain, so visited his own primary care doctor. This doctor placed Plaintiff off work for one week. Plaintiff turned in this doctor's note to human resources management. Management stated that Wal-Mart does not "acknowledge" Plaintiff's personal

**COMPLAINT AND REQUEST FOR JURY TRIAL**

doctor because the doctor is not a worker's compensation physician. Nevertheless, Plaintiff took a week off without pay.

39.     Plaintiff returned to work with modified duties from his own doctor, which was not to lift more than 10 pounds.

40.     Plaintiff was placed again in the fitting room, and was given a broken stool, and told to share this broken stool with another disabled employee who needed to sit down. Defendants required Plaintiff to not only answer the phones, but to check the floor for items to see if they were in stock, and to restock items, and take stock items to the front customer service area. After a couple of shifts, the stool was gone. Plaintiff informed the fitting room manager of the missing stool and modified duties, but no replacement stool or chair was forthcoming.

41.     On July 18, 2016, Plaintiff's son was born with severe complications and health conditions. Plaintiff's son was placed in the Neonatal Intensive Care Unit for 18 days. Due to the mother's emergency C-Section, Plaintiff was required to care for his son. Plaintiff notified Human Resources of his need to care for his son, who was between life and death, and needed numerous medical procedures.

42.     Plaintiff delivered to Wal-Mart's Human Resource managers a letter from Kaiser's social worker, stating that Plaintiff's son was in the hospital and that Plaintiff needed time off to care for his son.

43.     Plaintiff is informed and believes that it would not have caused Wal-Mart an undue burden to allow Plaintiff time off to care for his disabled, newborn son.

44.     Human Resources told Plaintiff that because Plaintiff was not qualified for Family Medical Leave Act, the absences would go be used as points against him for his absences record.

45.     On August 1, 2016, Wal-Mart terminated Plaintiff's employment for a violation of Wal-Mart's policy on absences. Wal-Mart stated Plaintiff was eligible for re-hire.

## **FIRST CAUSE OF ACTION**

## **DISCRIMINATION ON THE BASIS OF DISABILITY**

### **Violation of Cal. Gov't Code §12940(a)**

#### As against Defendants Wal-Mart and Does 2-50

46.     Plaintiff repeats and incorporates all paragraphs as set out above.

47.     At all times relevant herein, Cal. Gov't Code §12940(a) has made it unlawful to discriminate against, or discharge employees on the basis of the employee's disability.

48.     Plaintiff is informed and believes, that Wal-Mart discriminated against him on the basis of his disabilities, failed to provide reasonable accommodation, and failed to engage in the interactive process.

49.     As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, intangible loss of employment related opportunities, and emotional distress in excess of the minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, mental anguish, as well as the manifestation of physical symptoms.

50.     Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

51.     The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of Defendant's policies and procedures, but chose to consciously and willfully ignore said policies and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an

1 | amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in
2 | such conduct.

3 | ### SECOND CAUSE OF ACTION

4 | ### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

5 | ### Violation of Cal. Gov't Code §12940(n)

6 | As against Defendants Wal-Mart and Does 2-50

7 | 52.    Plaintiff repeats and incorporates all paragraphs as set out above.

8 | 53.    At all times relevant herein, Cal. Gov't Code §12940(n) has made it unlawful for
9 | an employer to "fail to engage in a timely, good faith, interactive process with the employee" to
10 | "determine effective reasonable accommodations, if any, in response to a request for reasonable
11 | accommodation by an employee...with a known physical or mental disability or known medical
12 | condition."

13 | 54.    Plaintiff told Defendants that Plaintiff suffered disabilities, including providing
14 | doctors' notes which required work-place limitations. Wal-Mart's managers acknowledged
15 | knowing about Plaintiff's disabilities.

16 | 55.    Plaintiff told Defendants of his newborn son's disabilities, and Plaintiff's need to
17 | care for his son.

18 | 56.    Nonetheless, Wal-Mart refused to engage in a timely, good faith interactive
19 | process with Plaintiff. Wal-Mart offered no suggestions on how to accommodate Plaintiff.

20 | 57.    Upon information and belief, Wal-Mart did no analysis whether accommodating
21 | Plaintiff would cause Defendants an undue burden.

22 | 58.    As a direct and proximate result of the acts of Defendants, Plaintiff has suffered
23 | damages in an amount according to proof, including but not limited to, loss of earnings,
24 | intangible loss of employment related opportunities in his field, and emotional distress in excess
25 | of the minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants,
26 | Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment,
27 | mental anguish, as well as the manifestation of physical symptoms.

28 | 59.    Plaintiff is entitled to recover these damages in additional to attorneys' fees and

costs pursuant to the provisions of Gov't Code §12940 et seq.

60.     The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of Defendant's policies and procedures, but chose to consciously and willfully ignore said policies and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in such conduct.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### Violation of Cal. Gov't Code §12940(m)

### As against Defendants Wal-Mart and Does 2-50

61. Plaintiff repeats and incorporates all paragraphs as set out above.

62.     At all times relevant herein, Cal. Gov't Code §12940(m) has made it unlawful for an employer to "fail to make reasonable accommodation for the known… disability of an…employee…" unless it would cause the employer an "undue hardship."

63.     Upon information and belief, Defendants did no analysis whether accommodating Plaintiff would cause Defendants an undue burden.

64.     Although Defendants, and each of them, knew of Plaintiff's disabilities, yet Defendants did not respect Plaintiff's requested, reasonable accommodations for his disabilities. Defendants did not make any workable, alternate suggestions for accommodation.

65.     Defendants knew of Plaintiff's son's disabilities, yet did nothing to accommodate Plaintiff in his requests for days off.

66. Plaintiff alleges that with reasonable accommodations, he could have returned to work, and fully performed all duties required of a cashier in an adequate, satisfactory and/or outstanding manner.

67. As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, intangible loss of employment related opportunities in his field, and emotional distress in excess of the minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, mental anguish, as well as the manifestation of physical symptoms.

68. Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

69. The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of Defendant's policies and procedures, but chose to consciously and willfully ignore said policies and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in such conduct

///
///
///
///

**COMPLAINT AND REQUEST FOR JURY TRIAL**

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

### Violation of Cal. Gov't Code §12940(k)

#### As against Defendants Wal-Mart and Does 2-50

70.     Plaintiff repeats and incorporates all paragraphs as set out above.

71.     At all times relevant herein, Cal. Gov't Code §12940(k) has required employers to take "all reasonable steps necessary to prevent discrimination and harassment from occurring."

72.     Upon information and belief, Defendants did nothing to ensure its employees, managers, agents and officers did not discriminate against Plaintiff on the basis of his disability. Upon information and belief, Defendants never trained any of its Burbank managers or employees or officers in anti-discrimination laws. Upon information and belief, Wal-Mart never trained its managers and employees on how to handle work-place accommodation requests.

73.     Defendants failed to take immediate and appropriate corrective action to end disability discrimination. Defendants also failed to take all reasonable steps necessary to prevent disability discrimination from occurring.

74.     As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, intangible loss of employment related opportunities in his field, and emotional distress in excess of the minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, mental anguish, as well as the manifestation of physical symptoms.

75.     Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

76.     The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees

**COMPLAINT AND REQUEST FOR JURY TRIAL**

1   of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of

2   Defendant's policies and procedures, but chose to consciously and willfully ignore said policies

3   and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done

4   in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to

5   Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an

6   amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in

7   such conduct.

8                              **FIFTH CAUSE OF ACTION**

9                                  **RETALIATION**

10                       **Violation of Cal. Gov't Code §12940(l)**

11                    As against Defendants Wal-Mart and Does 2-50

12      77.    Plaintiff repeats and incorporates all paragraphs as set out above.

13      78.    At all times relevant herein, Cal. Gov't Code §12940(l) has prohibited employers

14   from retaliating or otherwise discriminating against an employee because the employee

15   requested reasonable accommodation.

16      79.    Defendants terminated Plaintiff because of Plaintiff's absences, related to his

17   disability and the disability of his son. Upon information and belief, Defendants never trained

18   any of its Burbank managers or employees or officers in anti-discrimination laws. Upon

19   information and belief, Wal-Mart never trained its managers and employees on how to handle

20   work-place accommodation requests.

21      80.    As a direct and proximate result of the acts of Defendants, Plaintiff has suffered

22   damages in an amount according to proof, including but not limited to, loss of earnings, intangible

23   loss of employment related opportunities in his field, and emotional distress in excess of the

24   minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants, Plaintiff

25   has suffered, and continues to suffer emotional distress, humiliation, embarrassment, mental

26   anguish, as well as the manifestation of physical symptoms.

27      81.    Plaintiff is entitled to recover these damages in additional to attorneys' fees and

28   costs pursuant to the provisions of Gov't Code §12940 et seq.

**COMPLAINT AND REQUEST FOR JURY TRIAL**

82.     The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of Defendant's policies and procedures, but chose to consciously and willfully ignore said policies and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

83.     Plaintiff repeats and incorporates all above paragraphs above, as though fully incorporated herein.

84.     Plaintiff is informed and believes, and based thereon alleges that the acts and conduct of Defendants, including the store manager, Alex, (or DOE No. 1), and each of them, were unreasonable and unjustified, and constituted outrageous behavior. DOE No. 1, and all other Burbank Wal-Mart employees, acted as Wal-Mart's agents on Wal-Mart's behalf, and acted with deliberate malice and oppression, knowing full well that failing to accommodate Plaintiff will cause Plaintiff physical injury, and the harm sought to be remedied through this lawsuit.

85.     Plaintiff is further informed and believes, and based thereon alleges, that Defendants' acts and conduct were carried out with a reckless disregard of the probability of causing physical injury and emotional distress to Plaintiff, in that the acts and conduct were of a nature that reasonably should have been recognized as likely to cause physical injury and severe emotional distress.

86. Plaintiff is informed and believes and thereon alleges that Defendatns authorized and ratified the conduct of their agents, employees, and co-workers, and that said agents, employees and co-workers were acting within the course and scope of their employment, with the permission, instruction, and/or consent of said Defendants. Or, if these agents, employees and co-workers were acting outside the scope of their employment, it was known, authorized and ratified by Defendants.

87. Defendants' conduct was outrageous, malicious, and/or reckless, because Defendants knew that Plaintiff was disabled, and would need accommodation. Defendants also knew that Plaintiff had injured himself at work, due to Defendants' failure to accommodate Plaintiff's known disability. Yet Defendants refused to accommodate Plaintiff, and instead terminated Plaintiff for missing work. Defendants also knew that Plaintiff's son was born with serious health issues. But Defendants terminated Plaintiff for missing work to care of his child.

88. Plaintiff is further informed and believes and based thereon alleges, that as a direct, proximate and legal result of the acts and omissions of the Defendants, and each of them, as set forth herein, Plaintiff suffered pain, embarrassment, humiliation, anger, disappointment, emotional distress, financial stress, mental suffering and physical injury, all to Plaintiff's damage in an amount to be proven at trial.

89. Plaintiff is entitled to punitive damages against each of the Defendants, in a sum according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**Violation of Cal. Labor Code 226.7**

(Against Wal-Mart and DOES 2-50)

90. California Labor Code § 226.7 prohibits any employer from requiring an employee to work during any rest period mandated by an applicable IWC wage order, and provides that an employer which fails to provide an employee with a required rest break shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

91.    Defendants failed to provide Plaintiff with a timely rest period as required by law, and as a direct and proximate result, Plaintiff's disability was aggravated.

92.    Plaintiff is entitled to payment of the missed rest-break premium, and pursuant to Cal. Civ. Pro. 1021.5, is entitled to his attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## ASSOCIATIONAL DISCRIMINATION

### Violation of Cal. Gov't Code 12940(a)

93.    Plaintiff repeats and incorporates all paragraphs as set out above.

94.    At all times relevant herein, Cal. Gov't Code §12940(a) has made it unlawful to discriminate against, or discharge employees on the basis of the employee's association with an individual with a disability.

95.    Plaintiff is informed and believes, that Wal-Mart discriminated against him on the basis of his newborn son's disabilities, failed to provide reasonable accommodation, and failed to engage in the interactive process.

96.    As a direct and proximate result of the acts of Defendants, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of earnings, intangible loss of employment related opportunities, and emotional distress in excess of the minimum jurisdictional amount. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, mental anguish, as well as the manifestation of physical symptoms.

97.    Plaintiff is entitled to recover these damages in additional to attorneys' fees and costs pursuant to the provisions of Gov't Code §12940 et seq.

98.    The conduct of Wal-Mart, and its officers, directors and employees, constitutes a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff further alleges that the acts giving rise to punitive damages. Defendants have in place policies and procedures that specifically prohibit and require Wal-Mart's managers, officers, and agents, to prevent retaliation and harassment against and upon employees of Wal-Mart, based on disability. Wal-Mart's managers, officers, and/or agents were aware of

EXHIBIT A - PAGE 29

1  Defendant's policies and procedures, but chose to consciously and willfully ignore said policies
2  and procedures, and therefore, their outrageous conduct was malicious, oppressive, and was done
3  in wanton disregard for the rights of Plaintiff and the rights and duties owed by Wal-Mart to
4  Plaintiff. Plaintiff should be awarded exemplary and punitive damages against Wal-Mart in an
5  amount to be established that is appropriate to punish Wal-Mart and deter others from engaging in
6  such conduct.

7  ### REQUEST FOR RELIEF

8  **PLAINTIFF REQUESTS RELIEF AS FOLLOWS:**

9
10  **A. For Causes of Action 1, 2, 3, 4, 5 and 8:**

11  i. Compensatory and/or general damages according to proof;

12  ii. Award of interest, including prejudgment interest at the legal rate;

13  iii. Punitive damages according to proof;

14  iv. Attorneys' fees and costs;

15  v. All other relief as the court deems proper.

16  **B. For Cause of Action 6:**

17  i.      Compensatory and/or general damages according to proof;

18  ii.     Award of interest, including prejudgment interest at the legal rate;

19  iii.    Attorneys' fees and costs;

20  iv.     All other relief as the court deems proper.

21  **C. For Cause of Action 7:**

22  i.      Unpaid missed rest break premium;

23  ii.     Waiting time penalties;

24  iii.    Attorneys' fees and costs;

25  iv.     All other relief as the court deems proper.

26
27
28

18
**COMPLAINT AND REQUEST FOR JURY TRIAL**

Dated: January 30, 2018

LAW OFFICE OF ANNETTE MORASCH, APC

By: _____

ANNETTE MORASCH
Attorney for Plaintiff,
PATRICIO DAVID BARRIONUEVO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: January 30, 2018

LAW OFFICE OF ANNETTE MORASCH, APC

By: _____

ANNETTE MORASCH
Attorney for Plaintiff,
PATRICIO DAVID BARRIONUEVO

19

EXHIBIT A - PAGE 31